**Matter of 210 Prinkipas, LLC v Prinkipas, LLC**

2024 NY Slip Op 30550(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 160057/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                    PART              56M

*Justice*

---------------------------------------------------------------X

In the Matter of                                                INDEX NO.          160057/2023

210 PRINKIPAS, LLC,                                             MOTION DATE       12/13/2023, 12/20/2023

                                        Petitioner,            MOTION SEQ. NO.    001, 002

                        - v -

PRINKIPAS, LLC, and COBI LEVY,                                 **DECISION, ORDER, AND JUDGMENT**

                                        Respondents.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for          COMPEL PRODUCTION OF BOOKS AND RECORDS          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 11, 12, 13, 15

were read on this motion to/for          DISMISSAL          .

  This is a proceeding pursuant to Limited Liability Company Law § 1102, in which the petitioner, 210 Prinkipas, LLC, seeks to compel the production of the books and records of the respondent Prinkipas, LLC (the respondent LLC), for the purpose of inspection (MOT SEQ 001). The respondents, rather than answering the petition, move pursuant to CPLR 3211(a)(2), (3), (4), and (7), and CPLR 404(a), to dismiss the petition (MOT SEQ 002). The petition is granted, and the respondents' motion to dismiss the petition is denied.

  The respondent Cobi Levy is the manager of the respondent LLC. Pursuant to an Amended and Restated Operating Agreement (the Amended Operating Agreement) dated November 28, 2018, the petitioner became a class A member of the respondent LLC, and owned a 60% total membership interest in the respondent LLC. On April 9, 2021, Levy and the respondent LLC commenced an action against Salim Assa, as the petitioner's initial manager and initial majority member, along with the petitioner's initial minority member, PR Partners

**160057/2023   210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL**                    **Page 1 of 6**
**Motion No.  001 002**

[* 1]

Group, LLC (PR), seeking to recover damages for breach of contract, breach of fiduciary duty, breach of an implied covenant of good faith and fair dealing, conversion, equitable accounting, prima facie tort, quantum meruit, and unjust enrichment (*see Prinkipas, LLC, et ano. v Assa, et ano.* [Sup Ct, N.Y. County, Index No. 652394/2021] [Action No. 1]). By that time, however, Assa alleged that he no longer was a member or manager of the petitioner. He and PR thus counterclaimed for a judgment declaring that PR was the petitioner's manager and owned a 94.33970% membership interest therein, while an entity known as Act 2 Hospitality RG Group, LLC, owned the remaining 5.66030% interest in the petitioner. On July 12, 2021, the petitioner commenced an action against the respondents, seeking a judgment declaring that it had a statutory right, a right under the Amended Operating Agreement and a common-law right to inspect the books and records of the respondent LLC (*see 210 Prinkipas, LLC v Levy, et ano.* [Sup Ct, N.Y. County, Index No. 654298/2021] [Action No. 2]). After the parties reached a settlement in connection with both Action No. 1 and Action No. 2, they agreed, pursuant to a stipulation dated July 19, 2021, to a discontinue of Action No. 1 and all counterclaims set forth therein, and, by notice dated July 21, 2021, the petitioner voluntarily discontinued Action No. 2, with prejudice.

Pursuant to the relevant settlement agreement, the parties entered into a second Amended and Restated Operating Agreement (the second Amended Operating Agreement), pursuant to which the petitioner, as a member, became the owner of a 78.27% interest in the class A assets of the respondent LLC (60% of the total assets), while an entity known as Fanletta, LLC, became a the owner of a 21.73% interest in the class A assets of the respondent LLC (16.66% of the total assets). Paragraph 8.2 of the second Amended Operating Agreement provided, in pertinent part, as follows:

> "Books and Records . . .The books and records shall be maintained in accordance with sound accounting practices and shall be available at the Company's principal office for examination by any Member or the Member's duly authorized representative at any and all reasonable times during normal business hours."

**160057/2023   210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL**
**Motion No. 001 002**

Page 2 of 6

2 of 6

On August 2, 2023, the petitioner served a demand letter upon the respondents, stating that "for more than a year the Company has refused to give 210 Prinkipas the access to Company's books and records to which it is entitled." It quoted from paragraph 4 of the relevant settlement agreement, which recited that,

> "[p]ursuant to Article 8.2 of the [OA], Levy and Prinkipas shall make all of Prinkipas' books and records, including all bank account records, available for examination by any Member or the Member's duly authorized representative within a reasonable time of a written request for examination . . . and shall provide Assa and Partners with access to all "on-line" reporting concerning Prinkipas. including Toast and Restaurant365 . . . provide Assa and Partners with a list of all of Prinkipas's bank accounts. In addition, Assa and Partners must consent to the opening of any new bank accounts on behalf of Prinkipas."

According to the demand letter dispatched by the petitioner, the respondent LLC had received numerous oral and written requests to produce the relevant information, including e-mails and telephone messages from Assa, but failed adequately to respond, and instead had declined to make the requested information available. The petitioner thus "repeat[ed] the demands for reimbursement to the [respondent LLC] for unauthorized payments and for access to the books and record of the [respondent LLC] and for the other relief previously demanded from the [respondent LLC] and Mr. Levy in the notices you have received, without further delay."

This proceeding ensued.

In the order to show cause initiating the proceeding, the court directed that all papers responsive to the petition were to be served and filed on or before November 8, 2023. The respondents, without securing the permission of the court, signed a stipulation with the petitioner, extending their time to answer or otherwise submit. "Parties may not, by stipulation, override or supersede a court order, including orders that fix filing deadlines" (*Capra v Panzer*, 2023 NY Slip Op 30720[U], *4, 2023 NY Misc LEXIS 1001, *6 [Sup Ct, N.Y. County, Mar. 8, 2023] [Kelley, J.]; *see Connor v AMA Consulting Engrs., P.C.*, 213 AD3d 483, 484 [1st Dept 2023] [parties' so-ordered stipulation agreeing that all dispositive motions would be filed by a

**160057/2023  210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL**
**Motion No.  001 002**

Page 3 of 6

date certain may not be superseded by a later, non-court approved stipulation agreeing to a single return date for all motions]; *cf. Lance Intl., Inc. v First Natl. City Bank*, 86 AD3d 479, 479, [1st Dept 2011] [subsequent so-ordered stipulation did supersede prior motion filing deadline order]). Where a court order fixes a deadline for the service of opposition papers, and the opposing party fails to comply with that deadline, the court may ignore or reject papers that were filed after the deadline (*see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB*, 186 AD3d 1601, 1603 [2d Dept 2020]; *Retained Realty v Zwicker,* 2018 NY Misc LEXIS 5425, *1 [Sup Ct, N.Y. County, Jan. 30, 2018]). Thus, the court need not consider the respondents' papers.

Even were the court to consider the late opposition papers and separate motion, the petition must be granted in any event. "Under New York law, shareholders have both statutory and common-law rights to inspect a corporation's books and records so long as the shareholders seek the inspection in good faith and for a valid purpose" (*Retirement Plan for Gen. Empls. of City of N. Miami Beach v McGraw-Hill Cos., Inc.,* 120 AD3d 1052, 1055 [1st Dept 2014]; *see* Business Corporation Law § 624[b], [e]; *Matter of Dwyer v Di Nardo & Metschl, P.C.,* 41 AD3d 1177, 1178 [4th Dept 2007]; *Matter of Peterborough Corp. v Karl Ehmer, Inc.,* 215 AD2d 663, 664 [2d Dept 1995]). The statutory right of inspection supplemented, but did not replace, the common-law right (*see Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 19-20 [1976]; *Retirement Plan for Gen. Empls. of City of N. Miami Beach v McGraw-Hill Cos., Inc.,* 120 AD3d at 1055). That rule has been applied to similar requests by members of limited liability companies. Specifically, Limited Liability Law § 1102(b), which is the functional equivalent of Business Corporation Law § 624(b), as applied to limited liability companies, provides that,

> "[a]ny member may, subject to reasonable standards as may be set forth in, or pursuant to, the operating agreement, inspect and copy at his or her own expense, for any purpose reasonably related to the member's interest as a member, the records referred to in subdivision (a) of this section, any financial statements maintained by the limited liability company for the three most recent fiscal years and other information regarding the affairs of the limited liability company as is just and reasonable."

160057/2023   210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL
Motion No.  001 002

Page 4 of 6

[* 4]

4 of 6

The records included within the ambit of Limited Liability Law § 1102(a) include a current list of the full name and last known mailing address of each manager, a current list of the full name and last known mailing address of each member, together with the contribution and the share of profits and losses of each member or information from which such share can be readily derived, a copy of the articles of organization and all amendments thereto or restatements thereof, together with executed copies of any powers of attorney pursuant to which any certificate or amendment has been executed, a copy of the operating agreement, any amendments thereto and any amended and restated operating agreement, and a copy of the limited liability company's federal, state, and local income tax or information returns and reports, if any, for the three most recent fiscal years.

The petitioner alleged facts sufficient to establish that it is a member of the respondent LLC, that it wishes to inspect the respondent LLC's books and records to ascertain the financial state of the respondent LLC's business as a limited liability company, including the amounts of contributions that have been made and were required to have been made by the respondent LLC to its members, distributions that were made and were required to have been made to members by the respondent LLC, and the propriety of the tax returns (*see Sachs v Adeli*, 26 AD3d 52, 56 [1st Dept 2005]; *Atlantis Mgt. Group II LLC v Nabe*, 2018 NY Slip Op 32460[U], \*5-6, 2018 NY Misc LEXIS 4337, \*7 [Sup Ct, N.Y. County, Oct. 1, 2018]).

There is no merit to the respondents' argument that this proceeding should have been brought in the form of a plenary action (*see Matter of O'Donnell v Fleetwood Park Corp.*, 203 AD3d 1048, 1048 [2d Dept 2022] [holding that Supreme Court properly granted a CPLR article 78 petition to compel a corporation to produce its books and records for inspection by a shareholder, and that summary disposition was proper because there were no issues of fact in dispute]). Even if a plenary action were necessary, CPLR 103(c) would permit this court to ignore that fact, and allow the matter to proceed in the proper form. Nor did the settlement of the prior actions between the parties resolve the present dispute, or defeat the petitioner's

160057/2023  210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL
Motion No. 001 002

Page 5 of 6

statutory and common-law right to examine the respondent LLC's books and records, particularly because the settlement required the production of those book and records, thus establishing a contractual right to inspect the books and records, which the petitioner now has established has not been recognized.

The respondents' remaining contentions are without merit, inasmuch as the court has subject matter jurisdiction over the proceeding, the petitioner has standing and capacity to prosecute it, and there are no prior actions pending against the respondents for the same relief.

Accordingly, it is,

ADJUDGED that the petition is granted; and it is,

ORDERED that the respondents' motion is denied; and it is further,

ORDERED that, on or before March 22, 2024, the respondents shall make available to the petitioner or his attorney, for inspection and copying, at a place of the respondents' choosing, all of the documents demanded by the petitioner in its August 2, 2023 demand, and identified in the instant petition.

This constitutes the Decision, Order, and Judgment of the court.

| 2/21/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | JOHN J. KELLEY, J.S.C. | |
| **MOTION 1:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| **MOTION 2:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED | X DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| **CROSS MOTION:** | ☐ | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |

**160057/2023   210 PRINKIPAS LLC vs. PRINKIPAS LLC ET AL**
**Motion No.  001 002**

Page 6 of 6

[* 6]